COHN v. TANNER MOTOR CAR CO.   (No. 5771.)

(Supreme Court, Appellate Division, First Department.   May 15, 1914.)

1. APPEAL AND ERROR (§ 1003*)—REVIEW—VERDICT—WEIGHT OF EVIDENCE—
   —AMOUNT OF RECOVERY. .
       Where a jury found on conflicting evidence that an automobile dealer
   had represented as being new and in first-class condition a car which was
   clearly shown to be not new and not in first-class condition, but awarded
   only nominal damages, the verdict was against the evidence and will be
   set aside.
       [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–
   3943; Dec. Dig. § 1003.*]

2. CONTRACTS (§ 303*)—BREACH—ADVERTISING CONTRACT.
       One who, in part payment for an automobile, agreed to place certain ad-
   vertisements for the seller, was not liable for a refusal to place such ad-
   vertisements, where the matter to be displayed was never furnished to
   him.
       [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443;
   Dec. Dig. § 303.*]

Appeal from Trial Term, New York County.

Action by Isaac J. Cohn against the Tanner Motor Car Company.
Judgment for the defendant, and plaintiff appeals.   Reversed, and
new trial granted.

See, also, 147 N. Y. Supp. 1104.

Argued   before   INGRAHAM,   P.   J.,   and   McLAUGHLIN,
CLARKE, SCOTT, and HOTCHKISS, JJ.

Louis B. Williams, of New York City, for appellant.
Charles Burstein, of Brooklyn, for respondent.

SCOTT, J.   This action is for damages for false representations in
the sale of a motor car.   The defendant counterclaims for damages
for plaintiff's failure to do certain advertising for defendant.   Plain-
tiff, who had already owned cars sold by plaintiff, purchased on April
4, 1912, a six-cylinder five-passenger car for the price of $1,850, pay-
ing $600 in cash, $650 by turning in his old car, and as to the re-
maining $600 agreed to place advertisements at certain stations of the
Long Island Railroad Company.   By agreement one-half of this ad-
vertising was to be done for another company.

[1, 2] The plaintiff alleges that defendant represented and warrant-
ed that the car sold was a new one and was in first-class condition.
The principal question litigated was whether or not this representa-
tion had been made; defendant claiming that plaintiff had purchased
the car well knowing that it had been used to a considerable extent.
Upon this issue the jury found in plaintiff's favor, but for some rea-
son, not apparent, awarded only nominal damages, although it was
clearly shown that the car was not a new one and was far from
being in first-class condition.   To find that the representations were
made as claimed by plaintiff, and yet to award only nominal damages,
was so inconsistent as to compel the conclusion that the verdict was
against the evidence.   The court directed a verdict in favor of defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant upon the counterclaim. This was error. The plaintiff had never refused to display defendant's advertisements. He could not do so until the matter to be displayed had been furnished him, and this was never done.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.